**Affirmed and Memorandum Opinion filed January 4, 2024**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-22-00945-CR**

---

**SEBASTIAN UDOM, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 13th District Court
Navarro County, Texas
Trial Court Cause No. D39114**

---

## MEMORANDUM OPINION

Appellant Sebastian Udom was convicted for Possession of a Controlled Substance (1-4g) and sentenced to 10 years deferred probation. *See* Tex. Health & Safety Code § 481.116(c). Appellant contends that the trial court abused its discretion by denying appellant's Motion to Suppress Evidence because the police lacked probable cause to enter appellant's residence without a warrant or exigent

circumstance. We affirm.

## Background

At approximately 12:40 p.m. on December 24, 2018, Corsicana police department officers were dispatched to "The Arbors" apartment complex. This was in response to receiving an anonymous tip from a resident of the complex that there was the smell of marijuana emanating from apartment 1912.

Officer Self knocked on the door of apartment 1912 and stood outside with Officer Bland and Sergeant Parker. Approximately one minute after knocking the first time, Officer Self knocked again, and, appellant's girlfriend, Tiana Appleton answered the door. Officer Self told Appleton that there was a complaint of the smell of marijuana. Appleton stated that she was the sole occupant of the apartment, no marijuana was present, and if there was a smell, it was either a candle or from the hair dying she had been doing that day. Appleton stepped away from the door leaving it partially open. Officer Self told the other officers that he could not smell because his nose was stuffed up. According to Officer Self's testimony, Sergeant Parker told Officer Self that he smelled marijuana. In its findings of fact, the trial court found that both Sergeant Parker and Officer Bland smelled marijuana emanating from the apartment when Appleton partially opened the door.

Sergeant Parker pushed the door open amid Appleton's verbal insistence that the officers needed to have a warrant to enter. The officers entered the residence and performed a protective sweep of each room of the apartment. No evidence was located during the sweep. While waiting inside the residence, officers requested a search warrant.

While awaiting the search warrant, appellant arrived outside the apartment

2

barefoot and told police that he was a resident of apartment 1912. It was later found that appellant had exited apartment 1912 by kicking out a window screen and climbing out the window at the rear of the apartment. Appellant told police that if any drugs were found during the search, they belonged to him.

At approximately 2:05 p.m., a search warrant was issued. Police searched the apartment and found narcotics and marijuana (the contraband at issue in the original motion to suppress). Appellant was subsequently charged with Possession of a Controlled Substance (1-4g).

The trial court determined that there was probable cause justifying a warrantless entry into appellant's apartment based upon the initial complaint and the smell of marijuana emanating from the apartment. The trial court denied appellant's Motion to Suppress Evidence and Statements Pursuant to an Illegal Search.

Appellant pled guilty and was sentenced to 10 years deferred probation.

<strong>Findings of Fact and Conclusions of Law</strong>

After considering the evidence and applicable law, the trial court denied the Appellant's Motion To Suppress. The trial court made the following findings of fact and conclusions of law:

**Findings of Fact**

1. On December 24, 2018, Corsicana Police Department Officers Michael Self, Alexandra Bland, and Trent Parker responded to a resident complaint of the smell of marijuana emanating from an adjacent apartment occupied by Sebastian Udom and Tina Appleton.

2. Officers approached and knocked on the door of the apartment of which the complaint was made.

3. Appleton partially opened the door where Officers Bland and Parker smelled

marijuana emanating.

4. Officer Self could not smell marijuana due to congestion but could smell something.

5. Officers pushed opened the door and made a warrantless entry conducting a protective sweep of the apartment for other occupants of the apartment.

6. Officers secured the residence and waited for a search warrant to be obtained in order to conduct a search of the apartment for illegal drugs.

7. Upon the execution of the search warrant, illegal drugs were seized.

**Conclusions of Law**

1. Based on the complaint made and two of the officers smelling marijuana emanating from the apartment, officers had probable cause to make a warrantless entry into the residence to secure it for officer safety and to protect against the possible destruction of evidence.

2. Although a warrantless entry was made, the officers did not search the apartment until after a search warrant was obtained.

3. The Defendant did not meet his burden on his Motion To Suppress All Evidence And Statements Made Pursuant To An Illegal Search.

4. The Defendant's Motion to Suppress should be denied.

### Issue on Appeal

In a single issue, appellant argues that the trial court abused its discretion by denying appellant's Motion to Suppress. Appellant argues that there was no probable cause or exigent circumstances to support a warrantless search of appellant's residence based on the odor of marijuana alone. Appellant argues that this evidence should be excluded as fruit of the poisonous tree since the search was illegal. The State argues that there was probable cause for entry to appellant's residence based on the odor of marijuana and anonymous complaint of the odor by an apartment resident. The State contends that the initial protective sweep, which did not reveal any evidence, was not a search. The State also contends that the subsequent search of the residence was pursuant to the search warrant that was issued while officers were in the apartment but before they conducted a search that

resulted in the finding of contraband.

Appellant contends that the entirety of the situation is a search, from the initial entry through the search conducted under the subsequently issued search warrant. This is an inappropriate conflation of the search under the warrant with the initial entry and protective sweep. Further, appellant does not challenge the legitimacy of the search warrant directly. As such, we look to the initial entry and protective sweep and their distinction from the search under the search warrant.

**Standard of Review**

We review a trial court's ruling on a motion to suppress for abuse of discretion under a bifurcated standard of review. *State v. Torres*, 666 S.W.3d 735, 740 (Tex. Crim. App. 2023). We afford almost total deference to the trial court's determinations based on an assessment of credibility and demeanor. *Id*. We review pure questions of law, as well as mixed questions of law and fact which do not turn on an assessment of credibility and demeanor, on a de novo basis. *Id*. In other words, de novo review applies when the facts are undisputed. *Guzman v. State*, 995 S.W.2d 85, 89 (Tex. Crim. App. 1997). The evidence and all reasonable inferences are viewed in the light most favorable to the trial court's ruling, and the trial court's ruling must be upheld if it is reasonably supported by the record and is correct under a theory of law applicable to the case. *State v. Espinosa*, 666 S.W.3d 659, 667 (Tex. Crim. App. 2023).

At a suppression hearing, the trial court is the exclusive trier of fact and judge of the credibility of the witnesses. *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002). A trial court may choose to believe or to disbelieve all or part of a witness's testimony at the hearing. *See Baird v. State*, 398 S.W.3d 220, 226 (Tex. Crim. App. 2013) (citing *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim.

App. 2000)). The prevailing party in the trial court "is afforded the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence." *Id.* (quoting *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008)).

## Law & Analysis

A warrantless entry into a residence is presumptively unreasonable. *Gutierrez v. State*, 221 S.W.3d 680, 685 (Tex. Crim. App. 2007). When a defendant moves to suppress evidence based on a warrantless search, the State has the burden of showing that probable cause existed at the time the search was made and that exigent circumstances requiring immediate entry made obtaining a warrant impracticable. *McNairy v. State*, 835 S.W.2d 101, 106 (Tex. Crim. App. 1991). Probable cause exists when reasonably trustworthy circumstances within the knowledge of the police officer on the scene would lead him to reasonably believe that evidence of a crime will be found. *See id*. If probable cause exists, exigent circumstances may require immediate, warrantless entry by officers who are preventing the destruction of evidence or contraband. *Gutierrez*, 221 S.W.3d at 685. We address the State's argument regarding this circumstance.

In the determination of if the initial entry into appellant's residence was illegal, we look first to if probable cause was established then to if there was an exigent circumstance. Both are required for a warrantless entry. *Parker v. State*, 206 S.W.3rd 593, 597 (Tex. Crim. App. 2000). "If either probable cause or exigent circumstances are not established, a warrantless entry will not pass muster under the Fourth Amendment." *Id*.

## Probable Cause

The State argues that the odor of marijuana and anonymous tip were

sufficient to establish probable cause to enter appellant's apartment. The odor of marijuana alone can provide probable cause. *State v. Le*, 463 S.W.3d 872, 879 (Tex. Crim. App. 2015); *see also Estrada v. State*, 154 S.W.3d 604, 609 (Tex. Crim. App. 2005). Probable cause exists if, under the totality of the circumstances, there is fair probability that contraband or evidence of a crime will be found at a specified location. *State v. McLain*, 337 S.W.3d 268, 272 (Tex. Crim. App. 2011). It is a flexible, non-demanding standard. *Id.*

Here, the relevant findings of fact establish probable cause. A resident of the apartment complex reported a marijuana odor emanating from appellant's apartment, and two officers smelled the odor of marijuana emanating from the apartment after Appleton partially opened the door. Therefore, the trial court did not err in a determination that probable cause existed.

**Exigency**

Without the exception of exigency, probable cause alone does not justify a warrantless search or entry of the residence. *Parker*, 206 S.W.3rd at 597; *see also Turrubiate v. State*, 399 S.W.3d 147, 156 (Tex. Crim. App. 2013) ("A police officer who enters a home without a warrant merely because he had probable cause to believe contraband was in that home ... violates the Fourth Amendment."). As such, an exigent circumstance must have existed to make the initial warrantless entry into appellant's apartment legal.

The State asserts that, even without a warrant, their initial entry and protective sweep are validated through the exigency exception to prevent the destruction of evidence. *Turrubiate*, 399 S.W.3d at 149 *abrogated by Igboji v. State*, 666 S.W.3d 607 (Tex. Crim. App. 2023). However, the smell of marijuana alone is not enough to give rise to exigency. *Id*. Further, exigency is not

7

manufactured by an officer announcing to the occupants of a suspected dwelling that there is a police investigation occurring. *Id*. However, the odor of marijuana when combined with other factors can give rise to an exigency exception. *Parker*, 206 S.W.3d at 600.

Here, there are no other factors other than an anonymous tip and the officers' declarations regarding the smell of marijuana emanating from appellant's apartment. When opening the door to speak with the officers, Appleton did not make furtive movements, no contraband or paraphernalia came into view, and the officers were unaware of appellant exiting out of the window until well after their entry to the apartment.

We find there to be no exigent circumstance legitimating the warrantless entry into appellant's residence. Since both probable cause and exigent circumstances are required for a warrantless entry, the trial court erred in declaring the entry legal.

**Probable Cause for the Search Warrant**

However, probable cause does establish a valid basis for the search warrant that was issued after the illegal entry. The odor of marijuana alone can provide probable cause to support a search warrant. *Le*, 463 S.W.3d at 879; *see also Estrada*, 154 S.W.3d at 609.

> "If the presence of odors is testified to before a magistrate and he finds the affiant qualified to know the odor, and it is one sufficiently distinctive to identify a forbidden substance, this Court has never held such a basis insufficient to justify issuance of a search warrant. Indeed it might very well be found to be evidence of most persuasive character."

*Le*, 463 S.W.3d at 879 (citing *Johnson v. United States*, 333 U.S. 10, 13 (1948)).

While there is a viable probable cause to issue the search warrant prior to the entry, the warrant could be tainted if it was based upon any information gleaned from the illegal initial entry and protective sweep.

**Evidence Suppression and the Exclusionary Rule**

Absent proof of a recognized exception to the warrant requirement, evidence obtained in violation of the federal or state constitutions, or a state statute, and without a warrant should be suppressed. *See* Tex. Code Crim. Proc. art. 38.23(a). Thus, all direct and indirect products of a search or seizure should be suppressed when illegal conduct has been established and it is also shown that the evidence in question "has been come at by exploitation of that illegality." *Wong Sun v. United States*, 371 U.S. 471, 484, 488 (1963); *see Wehrenberg v. State*, 416 S.W.3d 458, 464 (Tex. Crim. App. 2013); *see State v. Iduarte*, 268 S.W.3d 544, 550–51 (Tex. Crim. App. 2008). The defendant bears the initial Article 38.23(a) burden to show a "causal connection" between the illegality and the evidence seized or found by a search and sought to be suppressed. *See Wehrenberg*, 416 S.W.3d at 468; *Pham v. State*, 175 S.W.3d 767, 772 (Tex. Crim. App. 2005).

Here, appellant does not directly contest the subsequently issued search warrant. However, given that the contraband evidence was found pursuant to the warrant, we must question if that evidence should be excluded as fruit of an illegal search (the initial entry and protective sweep) or if the taint of that search does not extend to the search under the search warrant. Tex. Code Crim. Proc. Ann. art. 38.23; *see also Wehrenberg*, 416 S.W.3d at 468.

"[T]he federal exclusionary rule generally requires suppression of both primary evidence obtained as a direct result of an illegal search or seizure, as well as derivative evidence acquired as an indirect result of unlawful conduct."

*Wehrenberg*, 416 S.W.3d at 464 (citing *Segura*, 468 U.S. at 804). However, there are several exceptions to this rule, including the "independent source" doctrine. *Id.* "At its core, the independent source doctrine provides that evidence derived from or obtained from a lawful source, separate and apart from any illegal conduct by law enforcement, is not subject to exclusion." *Id.* at 465 (citing *Murray v. United States*, 487 U.S. 533, 537 (1988); *Nix v. Williams*, 467 U.S. 431, 443 (1984)). In other words, "notwithstanding a prior instance of unlawful police conduct, evidence actually discovered and obtained pursuant to a valid search warrant is not subject to suppression, so long as the police would have sought the warrant regardless of any observations made during the illegal [conduct]." *Id.* at 465–66 (citing *Segura*, 468 U.S. at 813–15). "Thus, in determining whether challenged evidence is admissible under the independent source doctrine, the central question is 'whether the evidence at issue was obtained by independent legal means.'" *Id.* at 465 (quoting *United States v. May*, 214 F.3d 900, 906 (7th Cir. 2000)).

Here, appellant contends that the contraband evidence should have been excluded given that the evidence was the product of an illegal search, conflating the initial entry with the search occurring after the warrant's issuance. However, the warrant was not based on any information gleaned during that entry and protective sweep. Rather, the search warrant affidavit provides only information gleaned prior to the entry. As such, the search warrant has a legitimate basis untainted by the illegal entry. Thus, the exclusionary rule is inapplicable given that there is an independent source legitimating the search conducted under the search warrant and the evidence found during that search.

The search-warrant affidavit provided sufficient evidence of probable cause to support the issuance of a warrant and did not rely upon information obtained in the initial entry and protective sweep. Because the warrant was not tainted by the

illegal entry, we find that the trial court did not abuse its discretion denying appellant's motion to suppress.

## Conclusion

We affirm the trial court's judgment.

/s/    Tracy Christopher
Chief Justice

Panel consists of Chief Justice Christopher and Justices Wise and Jewell.
Do Not Publish – Tex. R. App. P. 47.2(b)